UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CV 9078

---

WILLIAM MACKRES,

            Plaintiff,

-against-

NCO FINANCIAL SYSTEMS, INC.,
NCO PORTFOLIO MANAGEMENT, INC., &
CAPITAL ONE FINANCIAL CORP.

            Defendant.

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

---

Plaintiff WILLIAM MACKRES ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendants NCO FINANCIAL SYSTEMS, INC., NCO PORTFOLIO MANAGEMENT, INC., (collectively "NCO") & CAPITAL ONE FINANCIAL CORP. ("CAPITAL ONE" or collectively with NCO, the "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and New York General Business Law §349.

## PARTIES

2. Plaintiff is a resident of the State of New York, residing at 153 E. 99th St., Apt 2C, New York, NY 10029-6763.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant NCO FINANCIAL SYSTEMS, INC. is a Pennsylvania corporation engaged in business of collecting debts with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

5. Defendant NCO PORTFOLIO MANAGEMENT, INC. is a Delaware corporation engaged in business of collecting debts with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. NCO is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

7. Defendant CAPITAL ONE is a National Banking Association with its principal place of business located at 1680 Capital One Drive, McLean, VA 22102-3491.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

9. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. On information and belief, on a date better known to the Defendant, CAPITAL ONE, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to NCO for collection ("the alleged debt").

13. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

14. In or about November 2005, the alleged debt was placed by NCO and CAPITAL ONE with the Law Offices of Bradley J. Rephen, P.C. ("LOBJR") for collection.

15. In or about November 2005, Plaintiff placed a telephone call to LOBJR in an effort to pay off and resolve the alleged debt.

16. Upon placing the alleged debt for collection with LOBJR, Defendants NCO and CAPITAL ONE granted LOBJR authority to settle the alleged debt for less than the full balance.

17. Upon information and belief, the balance of the alleged debt in or about November 2005 was approximately $8,741.48.

18. At that time of Plaintiff's telephone call to LOBJR, LOBJR advised Plaintiff that NCO and CAPITAL ONE granted LOBJR authority to settle the alleged debt in full for $3,050.00.

19. LOBJR advised Plaintiff that upon payment of $3,050.00 the file for the alleged debt would be closed and further that NCO and CAPITAL ONE would be paid and notified that the alleged debt was settled in full.

20. Plaintiff sent a bank check in the amount of $3,050.00 to LOBJR.

21. Upon receipt of Plaintiff's check, LOBJR did in fact cause NCO and CAPITAL ONE to be paid and notified that the alleged debt was settled in full and the file now closed.

22. Defendants NCO and CAPITAL ONE duly accepted such payment and otherwise did not raise any issues or problems with the settlement of the alleged debt.

23. Despite having settled the alleged debt in full, Defendants sent a letter dated November 21, 2006 in attempt to collect the alleged debt.

24. Defendants misrepresented the amount and status of the debt and acted as though the alleged debt was never paid and settled in full at all.

25. Defendants demanded an amount due of $7,070.34.

26. Plaintiff was very upset, concerned and confused as to how Defendants could attempt to collect a debt that was settled in full and further how the amount alleged due would drop or otherwise fluctuate without explanation.

27. Plaintiff notified Defendants that the alleged debt was already paid and settled in full and further included a copy of the check sent to LOBJR.

28. Defendants failed to respond or otherwise resolve the issue despite representing to Plaintiff that they would do so.

29. Despite having settled the alleged debt in full and putting Defendants on notice of such, Defendants, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to Mel S. Harris & Associates, LLC ("HARRIS") for collection.

30. Defendants caused Plaintiff to receive a letter from HARRIS dated October 18, 2007 in an attempt to collect the alleged debt.

31. Plaintiff notified HARRIS in writing that the alleged debt was already paid and settled in full with NCO and CAPITAL ONE and further included a copy of the check sent to Defendants and LOBJR.

32. Upon information and belief, HARRIS notified Defendants that the alleged debt was already paid and settled in full and Plaintiff never heard from HARRIS again.

33. Plaintiff again was under the impression that the alleged debt was settled in full and that any issues and problems were resolved.

34. Despite having settled the alleged debt in full and Defendants being on notice of such from Plaintiff, LOBJR, and HARRIS, Defendants, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to Portfolio Recovery Associates, LLC ("PRA") for collection.

35. In or about August 2011, Defendants caused Plaintiff to receive a letter from PRA dated August 23, 2011 in an attempt to collect the alleged debt.

36. Defendants are now demanding and misrepresenting that Plaintiff owes an amount due on the alleged debt of $9,357.48.

37. Plaintiff was again very upset, concerned and confused as to how Defendants could still be attempting to collect a debt that was settled in full and further how the amount allegedly due would drop or otherwise fluctuate without explanation.

38. Defendants represented that $3,050.00 would settle the alleged debt in full thereby releasing Plaintiff from his obligation to the alleged debt for good.

39. Plaintiff did in fact pay Defendants $3,050.00.

40. Despite accepting Plaintiff's settlement in full, Defendants continue to attempt to collect the alleged debt from Plaintiff.

41. Despite accepting Plaintiff's settlement in full and being notified of such on numerous occasions, Defendants continue to attempt to collect the alleged debt from Plaintiff.

42. Despite accepting Plaintiff's settlement in full and being notified of such on numerous occasions, Defendants continue to place, re-place, assign, transfer, or otherwise sell or re-sell the alleged debt over and over again.

43. Plaintiff is attempting to obtain a mortgage to buy a new home.

44. Defendants actions are causing Plaintiff to have difficulty obtaining a mortgage and to close on a new home.

45. Defendant CAPITAL ONE is additionally liable for the acts of its independent debt collection agents. West v. Costen, 558 F.Supp. 564, 573 (W.D.Vir.1983). *See also*, Martinez v. Alberquerque Collection Services, 867 F.Supp. 1495 (U.S.D.C. N.M.1994).

46. Plaintiff suffered and continues to suffer from damages including but not limited to great personal humiliation, embarrassment, mental anguish, fear of identity theft, fear of financial theft and ruin, fear of harm to credit history, body aches, exhaustion, anxiety and emotional distress as a result of Defendant's harassment and actions.

47. Defendants violated the FDCPA.

48. Defendants violated New York General Business Law § 349.

49. Therefore due to the Defendants gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "49" herein with the same force and effect as if the same were set forth at length herein.

51. Defendants debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692d-preface.

   b. 15 U.S.C. §1692e-preface, (2), (5), (6), (7), (8), (10), and (11).

   c. 15 U.S.C. §1692f-preface, (1) and (5).

    d.    <u>15 U.S.C. §1692g</u>.

52. As a result of Defendants violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "51" herein with the same force and effect as if the same were set forth at length herein.

55. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated New York State General Business Law § 349.

56. As a result of Defendants above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff WILLIAM MACKRES demands judgment from the Defendants NCO FINANCIAL SYSTEMS, INC., NCO PORTFOLIO MANAGEMENT, INC., & CAPITAL ONE FINANCIAL CORP. as follows:

    A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); and New York General Business Law §349;

    B.    For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k(a)(2)(A) and New York General Business Law §349;

    C.    For any and all attorneys' fees, filing fees, service of process fees, court costs and other costs provided and pursuant to 15 U.S.C. §1692k(a)(3) and New York General Business Law §349;

D. Nominal damages;

E. A declaration that the Defendant's practices violated the FDCPA and New York General Business Law §349;

F. For an award of pre-judgment interest on all sums awarded and/or collected;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff WILLIAM MACKRES hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Dated: December 9, 2011

Respectfully submitted,

By: /s/ Allison Polesky
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone: (866) 479-9500
Facsimile: (866) 688-4300
Attorney for Plaintiff WILLIAM MACKRES